Tindle v. Nichols.

TINDLE & WIFE, Plaintiffs in Error, vs. NICHOLS, Defendant in Error.

1. In an action of slander, for a charge of false swearing before a grand jury, where the defendant justifies by pleading the truth of the charge, a grand juror cannot (under sections 15 and 17 of article 3 of the act concerning practice and proceedings in criminal cases,) be permitted to testify how the plaintiff swore before the grand jury.

*Error to Cedar Circuit Court.*

The facts are sufficiently stated in the opinion of the court.

*F. P. Wright*, for plaintiff in error. The court erred in requiring the grand jurors to testify and disclose the evidence given by Mrs. Tindle before the grand jury. (Art. 3, secs. 15 and 17, tit. Practice and Proceedings in Criminal Cases, R. C. 1845. 1 Greenl. Ev. §252. 13 Maine, 82. 2 Halstead, 347. 1 Chitty's Crim. Law, 316. 2 Hale, 161. Roscoe's Crim. Ev. 149.)

*W. H. Otter*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The plaintiffs bring their action for slanderous words spoken by defendant of and concerning the wife of the plaintiff. The defendant justifies the speaking of the words by alleging their truth; that the plaintiff's wife, as a witness before the grand jury, did swear falsely in a certain matter then under the investigation of the grand jury of Cedar county. There is no objection to the plaintiff's petition or to the defendant's answer.

On the trial of the case, the defendant, in order to prove his answer, introduced several of the grand jurors as witnesses. These witnesses were called on to state what the plaintiff's wife had testified to before the grand jury in relation to the subject matter mentioned in the defendant's answer.

The plaintiffs' counsel objected to these grand jurors testifying. The grand jurors themselves also claimed to be excused

Tindle v. Nichols.

and exempted from detailing the facts stated before them in this matter, but the court overruled the objections and required the witnesses to testify, in regard to what the plaintiff's wife had sworn to as a witness before them, as members of the grand jury. To this, the plaintiffs excepted, and file their bill of exceptions.

The jury found a verdict for the defendant. Plaintiffs moved to set aside the verdict and for a new trial, which motion being overruled, exceptions were taken, and the plaintiffs bring the case here by writ of error.

1. The only question for our consideration arises upon the ruling of the court below, in regard to the admissibility of the grand jurors as witnesses. This is a grave question, and it has had the serious consideration of the court; and we are of opinion that these witnesses should not have been required or permitted to disclose the evidence given before them as grand jurors ; that the court below erred in this matter, and its judgment must be reversed.

The fifteenth section of the third article of our statute concerning practice and proceedings in criminal cases, and the seventeenth section of the same, have an important relation to this subject, and I will here notice these provisions.

The fifteenth section is as follows : " Members of the grand jury may be required by any court to testify whether the testimony of a witness, examined before such jury, is consistent with or different from the evidence given by such witness before such court; and they may also be required to disclose the testimony given before them by any person, upon a complaint against such person, for perjury, or upon his trial for such an offence." The seventeenth section : " No grand juror shall disclose any evidence given before the grand jury, nor the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto," &c.

Thus stands the statute law. In what cases, then, can a grand juror be lawfully required to testify as a witness in relation thereto ? Such as are embraced in the fifteenth section

cited above, and such only. This fifteenth section specifies these cases, and the bare specification excludes all other cases not enumerated. These cases are, first, "Whether the testimony of a witness examined before such grand jury is consistent with or different from the evidence given by such witness before such court; and, secondly, may be required to disclose the testimony given before them by any person, upon a complaint against such person for perjury, or upon his trial for perjury."

These are the cases where a grand juror may be lawfully required to testify in relation thereto. A grand juror hears a witness swear in court upon the trial of an indictment which was found by the grand jury of which the said grand juror was a member; he remembers what that witness swore before his body upon the finding of the indictment, he hears the witness swear afterwards before the court on the same subject matter; this grand juror may, under such circumstances, be called on to testify whether the witness swears consistently or not.

Should perjury be charged against such person, the grand juror may be called on to testify in relation to the charge or complaint. Should an indictment be found against such person for perjury, then on the trial thereof, the grand juror may be required to testify in relation thereto; and these are the only cases in which grand jurors can be made to testify in relation thereto.

Let us examine this matter a little. The grand jury is a secret tribunal. No person but the members are present when they consider and cast their votes, or express their opinions in relation to the finding or not of the bill of indictment—"a true bill." But the circuit attorney may be present when the witness is examined; he remembers the examination; he takes an active part in bringing forth the testimony. The circuit attorney also, upon the trial of the indictment, knows what the witnesses will prove, for he heard them swear before. Should a witness swear differently—should a witness contradict his former testimony, the circuit attorney may think it his duty to

Tindle *v.* Nichols.

proceed against this witness for perjury; here, a grand juror becomes a competent witness. The defendant may suspect the truth of the witness ; he may call on a grand juror, and examine him as a witness as to the consistency or prevarication of the suspected witness. This is allowed for the reason of the secrecy of the grand jury. Witnesses, although they know the grand jury is a secret inquest, yet may know that, if they swear falsely against any person before this secret body, they are liable to be exposed and prosecuted for the crime of perjury. Witnesses also know that they are protected and kept concealed by this inquest ; they are not, nor is their testimony made public, unless in the manner pointed out by law. " The grand jury shall not disclose the name of any witness," &c. Permit any party in any court, in any controversy, to call a grand juror as a witness and examine him as to what he heard a witness swear before his body, and you destroy at once one of the great, inherent, essential qualities of the grand juror. If you can examine a grand juror as a witness in an action of slander, so you may in any action ; break down this guard in one instance, and what will hinder it from being done in any or all others. These provisions of our statute concerning secrecy of grand jurors have their origin in the common law. Any person who may be present on the occasion is bound not to disclose what may transpire, and the jurors themselves are, by the terms of their oath, laid under the same obligation ; and if they transgress it, they are finable. Formerly indeed, they bcame accessories to the offence of felony; and if treason, principals; and, at this day, it is, in general, a high misprision. But where a witness, examined on the trial, swears directly the reverse of the evidence given before the grand jury, they are at liberty to state this circumstance to the judge, who may direct him to be prosecuted for perjury on the testimony of the grand inquest. (1 Chitty's Criminal Law, 317.) From all that is said on this subject in the books, it may be laid down that grand jurors are not permitted or required to testify to what has been given in evidence before them, unless it may be in the cases

similar to those pointed out in the provisions of our statute above cited. Applying this doctrine to the acts of the Circuit Court in this case, and it will be seen that his judgment cannot stand. I do not find any error in the refusal to give the second instruction asked for by the plaintiff.

Upon the view here taken of the secrecy of the grand jurors, and the duty of the courts not to interfere with that secrecy, unless in the cases pointed out by the statute, this judgment must be reversed, and the case remanded; Judge Scott concurring.