BEAM, Plaintiff in Error, v. LINK *et al.*, Defendants in Error.

1. In an action for a malicious prosecution, in which it was alleged by the plaintiff that the defendants appeared before the grand jury and, without probable cause, &c., caused plaintiff to be indicted for perjury, no grand juror can be permitted to testify and disclose the name of any witness who appeared before said jury.

*Error to Polk Circuit Court.*

This was an action for malicious prosecution. The petition set forth that defendants knowingly, wilfully, and maliciously went before a certain grand jury and caused and *procured plaintiff* to be indicted for the crime of perjury, without then and there having probable cause, &c. On the trial, the plaintiff introduced one T. W. Cunningham as a witness, and proposed to prove by him that he was a member of the grand jury that indicted plaintiff; that defendants went before said jury and testified as witnesses before them. The plaintiff disclaimed any intention of eliciting what said witnesses swore to before said jury. The court refused to permit Cunningham to testify.

*F. P. Wright*, for plaintiff in error.

*E. B. Ewing*, for defendants in error.

I. The court properly excluded the testimony of Cunningham. (R. C. 1856, 1169; Pindle v. Nichols, 20 Mo. 327;

State v. Baker, 20 Mo. 338 ; 15 Mo. 248 ; Newman v. Lawless 6 Mo. 302 ; Finney v. Allen, 7 Mo. 415 ; Vaux v. Campbell, 8 Mo. 227.)

SCOTT, Judge, delivered the opinion of the court.

This case is like that of Tindle v. Nichols, 20 Mo. 326, in which it was held, that in an action for slander for charging one with having been guilty of perjury in swearing before a grand jury, the grand jurors would not be permitted to testify as to what the plaintiff swore in giving evidence before them. This opinion is founded on the statute, and the statute itself has its origin in principles of the common law. Grand jurors are now and have always been sworn to secrecy. This oath restrained them from disclosing the evidence given before them. The clerk of the grand inquest could not be sworn as a witness in regard to matters that transpired before it. These considerations show that there is no reason in law for relaxing the force of the statute in relation to this subject. The 17th section of the 3d article of the act regulating proceedings in criminal cases (R. C. 1855, p. 1169) enacts that no member of a grand jury shall disclose any evidence given before the grand jury, nor the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto. This section will be construed in reference to the 15th, which prescribes the cases in which a grand juror may testify as to the matters that transpired before them. The policy of the law is to encourage witnesses in disclosing offences committed against the state ; and to permit the names of the witnesses to be reported, would as effectually restrain the full discovery of information as to suffer the evidence itself to be disclosed. The case of Sykes v. Dunbar, in which Lord Kenyon is said to have held that a grand juror may disclose the name of a witness who testified before the body, has been doubted, and it has been denied that it can be supported on principle. (Starkie, 4th part, p. 908, tit. " Malicious Pros-

ecutions." As to the objection to the instructions, there is none of the evidence preserved in the record, and we can not therefore ascertain whether the plaintiff was injured or not by those that were given.

Affirmed. The other judges concur.