STATE OF MISSOURI, Respondent, v. WILLIAM GRADY, Appellant.

June 6, 1882.

1. An indictment found without the hearing of any testimony will be quashed on motion.

2. In a proper proceeding, it may be shown, no matter by whom, that no evidence was taken before the grand jury as to the matters charged in an indictment returned by it.

3. The fact that a former grand jury had found an indictment which, through neglect, had not been returned, is not such evidence as will warrant the finding of a true bill.

APPEAL from the St. Louis Criminal Court, LAUGHLIN, J. *Reversed and remanded.*

McBRIDE & JONES and JOHN O'GRADY, for the appellant.

J. R. HARRIS, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The defendant appeals from a conviction and sentence for grand larceny. It appears from the record that, at the proper time, a motion was filed by the defendant to quash

the indictment, for the following, among other, reasons : " Because said indictment, so called, was found, if found at all, by the July grand jury, without hearing any testimony touching the guilt or innocence of the accused, as will more fully appear by testimony produced before the court."

Upon the hearing of this motion, several witnesses were introduced by the defendant, and a number of questions were put to them, severally, which were pertinent to show whether any or no witnesses at all were examined before the grand jury who returned the indictment, and whether the indictment was or was not indorsed by the foreman, and returned into court upon the recommendation of the prosecuting officer, because a former grand jury had investigated the facts and determined upon the indictment, but by an accident, had failed to return it. All these questions were objected to by the state, and the objections were sustained by the court.

The learned judge was doubtless influenced in his rulings by the veil of secrecy which the policy of the law has wisely drawn over the deliberations and proceedings of the grand jury. The rule of secrecy is based on both common-law and statutory authority, but has, nevertheless, its well-defined limits. As to the statute, these limits appear in the oaths prescribed for grand jurors and witnesses appearing before them. For the grand jurors : " The counsel of your state, your fellows, and your own, you shall truly keep secret." Rev. Stats., sect. 1774. For the witnesses : " You will not, after your examination here, directly or indirectly, divulge or make known to any person or persons, the fact that this grand jury has or has had under consideration the matters concerning which you shall be examined, or any other fact or thing which may come to your knowledge while before this body, or concerning which you shall here testify, unless lawfully required to testify in relation thereto." Rev. Stats., sect. 1775. Thus, as to the juror, the statutory

duty of secrecy relates only to the "counsel" of the state, his fellows, and himself. As to the witness, his whole obligation is contingent upon his not being "lawfully required to testify."

The common-law rule of secrecy was formerly enforced with a strictness wholly unknown to the more recent adjudications. It was long held that no one should be heard, under any circumstances, to impeach or impugn the propriety or regularity of a grand jury's proceedings. *United States* v. *Brown*, 1 Sawyer, 531. But the later doctrine, which recognizes personal constitutional right as superior to every other consideration, is now well established, that, whenever it becomes essential to the ends of justice, or to constitutional supremacy, to ascertain what has occurred before a grand jury, it may be shown, no matter by whom; the only limitation being, that it may not be shown how the individual jurors voted, or what they said during their investigations. *Burdick* v. *Hunt*, 43 Ind. 381; *Sikes* v. *Dunbar*, 2 Wheat. Sel. N. P. 1091; *Hindekoper* v. *Cotton*, 3 Watts, 56; *Thomas* v. *The Commonwealth*, 2 Rob. (Va.) 795; *The State* v. *Offutt*, 4 Blatchf. 355; *The State* v. *Fassett*, 16 Conn. 457; *The Commonwealth* v. *Hill*, 11 Cush. 137; *The State* v. *Broughton*, 7 Ired. 96; *Way* v. *Butterworth*, 106 Mass. 75; *The People* v. *Shattuck*, 6 Abb. N. C. 34; *The Commonwealth* v. *Mead*, 12 Gray, 167.

Our state constitution (Art. II., sect. 12) provides, "that no person shall, for felony, be proceeded against criminally otherwise than by indictment, except," etc. Without going into the many excellent reasons given for the adoption of this provision, in its protection of the citizen against the ignominy and vexation of a public prosecution upon frivolous or insufficient grounds, it is sufficient to say, that the term *indictment* here means, of course, the instrument legally known by that name, as it is created and shaped in the manner required by law. "An indictment is a

written accusation of an offence preferred to, and presented upon oath as true, by a grand jury, at the suit of the government." English authorities have held that an indictment is good, which is found upon the private knowledge or information of the grand jurors, without other testimony. But that doctrine has no footing with us. *United States* v. *Coolidge*, 2 Gall. 364. In Missouri, it is explicitly repudiated by the terms of the oath administered to each grand juror : "You do solemnly swear you will diligently inquire, and true presentment make, according to your charge, of all offences against the laws of the state, committed or triable in this county, of which you have or can obtain legal evidence." Rev. Stats., sect. 1774. Accordingly, it is held as essential to the legal creation or existence of an indictment, that it be founded upon evidence heard by the grand jury. In *United States* v. *Farrington* (5 Fed. Rep. 343), Wallace, J., said : "It is the duty of the court, in the control of its proceedings, to see to it that no person shall be subjected to the expense, vexation, and contumely of a trial for a criminal offence, unless the charge has been investigated and a reasonable foundation shown for an indictment or information. It is due also to the government to require, before the trial of an accused person, a fair preliminary investigation of the charges against him. The cases are frequent when, after all the precautions have been observed, it appears upon the trial that the government has been subjected to discredit and expense which might have been avoided if there had been a more careful preliminary investigation." In *Sparrenberger* v. *The State* (53 Ala. 481), the court said : "On a motion to quash, or to strike from the files, addressed to the court with reasonable diligence, after the facts have been discovered, supported by evidence leaving no reasonable doubt on the mind of the court that the indictment was not the finding of twelve of the grand jury, or that it

was found without the evidence of witnesses before them, or legal documentary evidence, truth, and justice, the preservation of the verity and dignity of its own'records, the protection of the citizen, and constitutional guaranty demand that the court should expunge the spurious paper." There is no lack of other authorities to the like effect. It is held that, where the testimony before the grand jury was illegal, as of the accused against himself, or of a wife against her husband, an indictment founded upon it must be quashed. *The State* v. *Froiseth*, 16 Minn. 296. The fact that a former grand jury had agreed upon the same or a similar indictment which was not reported, is not entitled to the least consideration. Such a paper can be no evidence of the commission of an offence ; and the impression made upon the minds of other and former grand jurors, is not what the law requires of the grand jurors who return an indictment. In *Sparrenberger* v. *The State* (53 Ala. 481), it was held that " a former finding by a grand jury which has been quashed, or on which a *nolle prosequi* has been entered, is not such ' legal documentary evidence ' as will authorize a finding of a true bill." A remark made in the same case seems pertinent here : " It is scarcely necessary to say that when it appears witnesses were examined by the grand jury, or the grand jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged." All the authorities agree that a motion to quash the indictment, such as was attempted in this case, is the proper and only method for reaching the defects here complained of. See the cases above cited. The defendant was entitled to substantiate his complaint if he could, by the proofs which the court refused to hear. For error in this refusal, the judgment must be reversed and the cause remanded. All the judges concur.