FOTHERINGHAM *v.* ADAMS EXPRESS Co. *et al.*

(*Circuit Court, E. D. Missouri, E. D.* April 12, 1888.)

1. COURTS—FEDERAL—FOLLOWING STATE LAWS.
The provisions of 1 Rev. St. Mo. 1879, §§ 1791, 1793, 1794, providing that members of the grand jury may be compelled to disclose the names of witnesses who have appeared before it, and the evidence heard in the grand jury room, only (1) when it is necessary to show whether the testimony of a witness on the trial of an indictment is consistent with or different from that given before the grand jury; and (2) when a person is on trial for perjury committed before that body, establish much more than a rule of evidence. They are declaratory of the public policy of the state, and as such are binding on the federal courts sitting in the state.

2. WITNESS—COMPETENCY—GRAND JURORS—MALICIOUS PROSECUTION.
Under 1 Rev. St. Mo. 1879, §§ 1791, 1793, 1794, relating to grand juries and their proceedings, a member of that body can be called upon to disclose the names of witnesses who have appeared before it, and the evidence heard in the grand jury room, only (1) when it is necessary to show whether the testimony of a witness on the trial of an indictment is consistent with or different from that given before the grand jury; and (2) when a person is on trial for perjury committed by him before that body. *Held,* that the plaintiff, in an action for malicious prosecution, could not show by a member of the grand jury that found the indictment at the instigation of the defendant what testimony was given before that body at that time.

At Law.

Action for malicious prosecution for causing the plaintiff to be indicted and prosecuted in the courts of the state for stealing $60,000. On the trial the plaintiff's counsel called one of the grand jurors, who had served on the grand jury by which the indictment was found, and proposed to show by him what testimony had been given before the grand jury when the indictment was found.

*C. P. & J. D. Johnson, Thomas B. Harvey,* and *Henry M. Bryan,* for plaintiff.

*Martin, Laughlin & Kern,* for defendants.

THAYER, J. Bearing upon the question that was raised last evening, I read sections 1791, 1793, and 1794 of the Missouri Revised Statutes:[1]

Section 1791: "Members of the grand jury may be required by any court to testify whether the testimony of a witness examined before such jury is con-

[1] 1 Rev. St. Mo. 1879, c. 24, pp. 302, 303.

sistent with or different from the evidence given by such witness before such court, and they may be required to disclose the testimony given before them by any person upon a complaint against such person for perjury, or upon his trial for such offense." Section 1793: "No grand juror shall disclose any evidence given before the grand jury, nor the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto. * * * Any juror violating the provisions of this section shall be deemed guilty of a misdemeanor." Section 1794: "In charging grand jurors, the court shall apprise them of the provisions of the last three sections in relation to disclosures, and in what cases and under what circumstances any disclosures may or may not be made."

It might seem from a casual reading of section 1793 that a grand juror might be required to disclose testimony given before a grand jury whenever the court, before whom he is called to testify, requires him to do so. But in the case of *Tindle* v. *Nichols*, 20 Mo. 326, where these identical sections which I have just read were under consideration, it was held that the words "except when lawfully required to testify as a witness," as used in section 1793, have reference to section 1791, and that grand jurors can only be lawfully required to testify as to matters which occurred before that body in the two instances mentioned in section 1791. That case was an action of slander, and the defendant in the case had proposed to show by grand jurors what a certain witness had stated before the grand jury. The court held that disclosures of that kind in such an action were prohibited, although offered to support a plea of justification. The case of *Beam* v. *Link*, 27 Mo. 262, was, like the case now on trial, an action for malicious prosecution, and it was held that a grand juror could not be called as a witness even to show that a certain person had testified as a witness before the grand jury. These cases are an authoritative exposition of the meaning of the statute in question, and they have never been overruled or criticised. The case of *State* v. *Grady*, 12 Mo. App. 361, does not impugn the authority of the two cases last cited to any extent, whether the point actually decided be considered or the reasoning of the court in arriving at its decision. In that case a motion had been filed to quash what purported to be a true bill of indictment on the ground that the grand jury had returned an indictment without hearing any evidence whatever. It was very properly ruled that a grand juror might be called to establish that such was the case. The offer, it will be observed, was not to show what witnesses had testified before the grand jury, or what their testimony had been, but to show that no testimony whatever had been heard, and consequently that the indictment was a nullity, and that it would be a violation of the legal rights of the accused to put him on trial on such a bill, inasmuch as the laws of the state require indictments to be based upon testimony produced before the grand jury. The same court which decided the case of *State* v. *Grady*, in an earlier case, *Zimmer* v. *McLaran*, (digested, but not fully reported in 9 Mo. App. 591,) according to my recollection, distinctly affirmed the doctrine of *Tindle* v. *Nichols*, that grand jurors could not be called upon in an action for malicious prosecution to disclose evidence that had been given before the grand inquest. It must, accordingly, be taken as

the settled law of this state, as construed by its highest court, that grand jurors can only be called upon to disclose the names of witnesses who appear before them, and the evidence heard in the grand jury room in two instances: *First,* when it is necessary to show whether the testimony of a given witness on a trial of an indictment is consistent with or different from that given before the grand jury; and, *second,* when a person is on trial for perjury committed by him before the grand jury. In all other cases the statute prohibits grand jurors from disclosing testimony or the names of witnesses. The case of *Sharpe* v. *Johnston,* 76 Mo. 669, contains nothing in opposition to this view. The court in that case was not considering the question now under consideration. Many cases will afford an opportunity to enforce the rule laid down in the case of *Sharpe* v. *Johnston,* without invading the grand jury room.

It was suggested last evening that even though the law of the state is as above declared, that it is not obligatory on this court, inasmuch as the statute simply declares a rule of evidence which is only binding on the state courts. I do not agree with that view. In a certain sense the statute establishes a rule of evidence, but it is also declaratory of the public policy of the state with reference to proceedings had before grand juries impaneled in its own courts. In the absence of an act of congress making such testimony as that now offered competent in this court, and requiring such evidence to. be here heard in suits between private parties, this court should be governed in its rulings upon the admissibility of such testimony by the laws in force in the state where its sittings are held. It would not be lawful, in my opinion, to permit the proceedings before a grand jury impaneled in one of the state courts to be inquired into and made public in this court, when the laws of the state expressly prohibit such investigation, and such disclosures in the state courts. The case of *U. S.* v. *Farrington,* 5 Fed. Rep. 343, which has also been cited as showing what the rule is elsewhere, it will be observed, was a decision in a federal court upon a motion to quash an indictment returned by a federal grand jury. That case did not involve any consideration of the question of the propriety or the power of the court in a suit between private parties to require grand jurors impaneled in a state court to make disclosure of their proceedings in a federal court, in opposition to the laws of the state. The court in that case was dealing with the proceedings of its own grand jury, and with the constitutional right of the accused to be tried upon an indictment that had been properly and fairly found and returned. I will further add that nearly all the decisions that have been cited from other states also arose on motions made by the accused to quash an indictment that had been found in violation of the rights of the accused. But whatever the practice may be elsewhere, the rule in this state is well settled, and is regulated by a statute which determines under what circumstances grand jurors may or may not be called upon to divulge testimony given before them.

For the reasons before stated, I feel bound to respect the laws of the state on the subject, no matter what the practice may be elsewhere.