### VICTORIA HAYES V. STATE.

No. 84.  Opinion Filed September 21, 1909.

(103 Pac. 1061.)

1. **INDICTMENT AND INFORMATION—Finding by Grand Jury— Offense Antedating Statehood.**   Article 5 of the amendments to the Constitution of the United States, providing that "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury," guarantees to a defendant charged with the commission of a felony in Oklahoma Territory prior to statehood an unalterable right to be accused by indictment through the intervention of a grand jury found with the concurrence of at least 12 of its members.

2. **GRAND JURY—Grand Jurors—Number Needed to Concur.**   The act of criminal procedure (Wilson's Rev. & Ann. St. 1903, sec. 5349), provided that "an indictment cannot be found without the concurrence of at least twelve grand jurors."   **Held,** that this provision applies to all offenses committed in Oklahoma Territory prior to statehood, and an investigation and finding by a less number than 12 grand jurors is not an indictment, but an accusation made by an unauthorized body of men, and is therefore a nullity.

3. **INDICTMENT AND INFORMATION—Motion to Set Aside.** Where a defendant files a motion to set aside an indictment on the grounds that it is not found by a legal grand jury, and that no witnesses appeared before and no evidence of any kind was presented to the grand jury which returned the indictment. and that the court had no jurisdiction of the defendant, and makes application to the trial court to set a day for the taking of testimony in support of said motion as prescribed by section 5399, Wilson's Rev. & Ann. St. 1903, **held,** that it is reversible error for the court to refuse such application, and to summarily overrule said motion.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; Joseph G. Lowe, Judge.*

3  Cr.—1

Victoria Hayes was convicted of assault with intent to kill, and appealed.. Case transferred to the Criminal Court of Appeals. Reversed.

Victoria Hayes, plaintiff in error (hereinafter designated defendant), was indicted for the crime of assault with intent to kill one A. M. Jones, alleged to have been committed on the 5th day of November, 1907. On the 16th day of December, 1907, the grand jury returned an indictment charging defendant with the crime of assault with intent to kill. On the 18th day of December, 1907, another indictment was returned against defendant for the same offense. On the 7th day of January, 1908, the court charged the grand jury as follows:

"Gentlemen of the grand jury, at the time you were impaneled as a grand jury of this court the court in its charge to you instructed you that any nine of you concurring in any given case might return an indictment. Since then a question has arisen as to whether that part of the charge to the grand jury was correct as applied to crimes or offenses committed prior to the admission of Oklahoma into the Union as a state. * * * You are now instructed that as applied to all crimes which were committed prior to the 16th day of November, 1907, prior to the admission of Oklahoma into the Union as a state, that it will require the unanimous concurrence of you 12 gentlemen to return an indictment against any person charged with crime, and investigated before you. * * * As several of the indictments which were returned by you were returned into open court while only 11 of you were present, one of you being absent because of sickness, it is believed that you would best discharge your duties as grand jurors by again considering all these cases where the crimes charged against the parties are alleged to have been committed prior to the 16th day of November, 1907, and, if you unanimously concur in finding an indictment in any of these cases, that as to such you may return a new indictment into court."

On the same day there was returned in open court another indictment against defendant for the same offense. On the 21st day of January, 1908, the defendant moved the court to set aside this indictment. The motion to set aside is as follows:

"Comes now the defendant, Victoria Hayes, and moves the court to set aside and hold for naught the indictment against her

in the above-entitled cause, and, for grounds thereof, alleges and says: That the alleged grand jury which found said indictment was not drawn, impaneled, summoned, and composed as provided by law, and was not a legal grand jury, in this, to wit: First. That prior to the 16th day of November, A. D. 1907, B. F. Burwell, judge of the district court of the territory of Oklahoma, under and by virtue of authority vested in him by act of Congress, for the purpose of drawing and impaneling grand and petit jurors for said territorial court, ordered and directed William Cross, Frank Merrell, and Ed. S. Vaught, jury commissioners appointed by him, the said B. F. Burwell, to select 300 and ———. names and place the same in the jury box as provided by said act of Congress for jury purposes, and, in obedience to said order, the said commissioners selected said names and placed them in said jury box as provided by law; that since said names were placed in said jury box the said territory was changed from a territorial form of government to that of a state form of government, and no successor was designated under said Constitution to the said B. F. Burwell or the said Ed. S. Vaught, who was then clerk of said court; that since the 16th day of November, 1907, Hathaway Harper was qualified, and is the acting clerk of the Thirteenth judicial district of the state of Oklahoma, and this defendant is informed and believes was the proper person to act as one of the jury commissioners in selecting said jury, and not Ed. S. Vaught, clerk of the territorial and United States District Court; that this defendant is informed and believes that the aforesaid indictment was found against him by a grand jury selected by William Cross, Frank Merrell, and Ed. S. Vaught, commissioners who were appointed by B. F. Burwell as aforesaid, and who took their oath of office prior to the 16th day of November, 1907, and under a territorial form of government. Second. That heretofore, on the ——— day of December, the grand jury in and for said county returned an indictment against this defendant for the same alleged offense, which said indictment was dismissed or set aside; that no witnesses or evidence of any kind appeared before or was presented to the grand jury which returned and presented to this court the indictment herein. Third. This defendant, not waiving her former objections to said indictment, alleges and says that this court nor the grand jury as aforesaid who found a true bill against the defendant has jurisdiction of this defendant or of the offense alleged to have been committed prior to the 16th day of Novem-

ber, 1907, when the Constitution of the state became effective. Pruiett, Cardwell & Sniggs, Attorneys for Defendant."

To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment, the defendant on the same day filed her application in said court setting out and alleging that she was indicted in said district court, and setting out a copy of her motion to set aside the indictment, and alleging that she was acting in good faith, and praying for an order to examine witnesses in support thereof, and for an order fixing a day for the taking of testimony in support of said motion. This application was duly verified. Thereafter, and on the same day, the court denied the application of the defendant for an order to take testimony in support of her motion, and overruled the motion to set aside the indictment.

Thereupon said cause was tried to a jury, and a verdict returned, finding defendant guilty of the crime charged. Motion for new trial and in arrest of judgment were duly filed on the ground "that the court erred in overruling the motion to quash and set aside the indictment heretofore filed, and which was at the time excepted to by the defendant." These motions were overruled, and exceptions allowed, and the court sentenced defendant to serve a term of two years at hard labor in the state penitentiary. The defendant appealed to the Supreme Court of Oklahoma, and said cause was transferred by the Supreme Court to the Criminal Court of Appeals, as by law provided, and is now before this court for review.

*Pruiett, Cardwell & Sniggs* and *Crump, Rodgers & Harris*, for plaintiff in error.

*Charles West*, Atty. Gen., and *Charles L. Moore*, Asst. Atty. Gen., for the State.

No copies of briefs reached the reporter.

DOYLE, JUDGE. (after stating the facts as above.) The act of criminal procedure provides (section 5398, Wilson's Rev. & Ann. St. 1903) that a defendant "may, in answer to the arraignment, either move the court to set aside the indictment, or may demur

or plead thereto." And provides that (section 5399, Wilson's Rev. & Ann. St. 1903) :

"The indictment must be set aside by the court, in which the defendant is arraigned, and upon his motion in either of the following cases: First. When it is not found, indorsed, presented or filed, as prescribed by the statutes of the territory, or when the grand jury is not drawn and impanelled as provided by law, and that fact is known to the defendant at or before the time the jury is sworn to try the cause. Second. When the names of the witnesses examined before the grand jury are not made to appear on some part of the indictment, as provided in section 5352, as amended in this act. Third. When a person is permitted to be present during the session of a grand jury while the vote on the finding of the indictment is being taken, or when it is shown that after the grand jury was first impanelled any member or members thereof, were discharged and their places filled by persons not regularly drawn from the jury list, as provided by this act, and that they were admitted into the grand jury or took part in their deliberations, or that the grand jury was not impanelled anew as a whole body in open court. To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment, the defendant may file his application before any court of record in the county, setting out and alleging that he is indicted in the district court, naming it, and setting out a copy of his motion to set aside the indictment, and alleging, all under oath that he is acting in good faith, and praying for an order to examine witnesses in support thereof. The court shall thereupon issue subpœnas to compel any or all witnesses desired to appear before him at the time named, and shall compel the witnesses to testify fully in regard to the matter and reduce the examination to writing, and certify to the same, and it may be used to support the motion. The mover shall pay the costs of the proceeding. He shall notify the county attorney at least two clear days before he proceeds, of the time and place of taking such testimony, and the county attorney may be present and cross-examine the witnesses and if need be the case in the district court must be adjourned for that purpose. All witnesses, including grand jurors, shall be bound to answer fully, and shall not be answerable for the testimony so given in any way, except for the crime of perjury committed in giving such evidence. When a grand juror has been fully examined as to his qualifications to sit, and has answered under oath that he is qualified, and has been received by the court and permitted to

act, his incompetency shall not thereafter be shown as a ground of objection to any indictment returned by that grand jury."

And provides that (section 5339, Wilson's Rev. & Ann. St. 1903):

"The grand jury may not receive hearsay or secondary evidence."

And provides that (section 5349, Wilson's Rev. & Ann. St. 1903):

"An indictment cannot be found without the concurrence of at least twelve grand jurors."

The contention on the part of the defendant is that under these provisions of the act of criminal procedure she was entitled to a hearing on her application to take testimony in support of her motion to set aside the indictment, and that said motion should have been sustained. The motion filed raised the issue:

"That the indictment was not found by competent authority, and that there was no legal or competent evidence before the grand jury that returned said indictment."

The crime is charged to have been committed before statehood. Under the fifth amendment of the Constitution of the United States, and the laws of the territory of Oklahoma, the defendant could only be prosecuted by indictment found upon the concurrence of at least 12 grand jurors, otherwise there would be a denial to the defendant of a substantial right. Before any person can be lawfully tried for an offense, he must be accused thereof according to law. This principle so essential to liberty and good government protects all alike from the oppression of political power and the plottings of private malice. The proposition presented in this case involves, irrespective of her guilt or innocence, the lawful rights of the defendant, and in its decision the lawful rights of every citizen. It is apparent from the record that there were less than 12 grand jurors present when the witnesses appeared and the investigation of the charge was made. This number did not constitute a legal grand jury for the purpose of investigating offenses committed in Oklahoma Territory before statehood. There must be present 12 grand jurors at least, because the con-

currence of that number was absolutely necessary to put the defendant on her trial. The defendant expected to prove these facts in support of her motion.

At common law an indictment is invalid where it is found and returned by a grand jury not legally constituted or where there was no legal or competent evidence before the grand jury upon which it was based, and this invalidity might be shown on a plea in abatement. Sir Edward Coke defines an indictment to be (Co. Litt. 126):

"An accusation found by an inquest of twelve or more upon their oath."

· Sir Matthew Hale (2 P. C. 161) says that:

"If there be 13 or more of the grand inquest, a presentment by less than 12 ought not to be."

And Sir William Blackstone (volume 4, Com. 306) says: ·

"But to find a bill there must be at least 12 of the jury agree."

Ordinarily where a charge has been investigated, and an indictment returned, where the case for any reason is resubmitted, a re-examination of the witnesses before the same grand jury is unnecessary, but if it appears, as in this case, that the grand jury that made the original investigation was not legally constituted, a re-examination of the witnesses before a lawful grand jury becomes necessary. It appears that upon the corrected charge of the court being given, as shown in the record, the grand jury, then composed of 12 grand jurors, retired, and then *pro forma,* without further investigation, returned the indictment upon which the defendant was tried. We believe that the motion to set aside and the application to take testimony was sufficient to secure to defendant her right to show that the indictment was found in violation of her constitutional rights, and was therefore void, and that she was about to be tried without due process of law.

The case of *Royce v. Territory of Oklahoma,* 5 Okla. 61, 47 Pac. 1083, is precisely in point on this question. Justice Tarsney, delivering the opinion of the court, says:

"These provisions simply declare and codify the rules of the common law under which no indictment was valid, unless found

and based upon legal and competent evidence; that its invalidity in this respect might be brought to the attention of the court by a plea in abatement, and that the facts to sustain said plea might be shown by the testimony of witnesses; and that the defendant was of right entitled to a trial of the matters so set up and relied upon in his plea in abatement. It is true that at the common law a motion to quash or a plea in abatement was an appeal to the discretion of the judge, and that matters of judicial discretion cannot ordinarily be reviewed upon appeal; but that proposition is not involved in the case at bar. Here the court below refused to exercise that discretion by refusing to set a day for hearing of the matters set up in the motion, and by refusing to summon or hear witnesses in that behalf, and by summarily overruling the application and motion. We think this was substantial error against the rights of the defendant. He could only be legally put upon trial upon a valid indictment. To the validity of such indictment it was essential that it should have been found by a grand jury upon legal and competent evidence tending to sustain the offense charged. The defendant sought to avail himself of the rights guaranteed to him, both by the common law and the statute, by showing that such indictment was found without any legal or competent evidence, showing the commission of the crime charged. * * * We think the motion and application to take testimony presented a right to be heard upon the motion showing the invalidity of the indictment, that it was a substantial right of the defendant to be allowed to establish the facts stated in such motion, for the purpose of showing that he was about to be tried without due process of law, and that the court below, while in determining said motion, after hearing the evidence thereon, would exercise a judicial discretion, not ordinarily reviewable. It had no discretion to refuse to hear said motion or to refuse the application to take testimony to sustain the facts stated in such motion, and that such refusal was error, reversible by this court. The importance of the proposition involved may be appreciated when it is considered that the defendant had no other way to have the question presented to the attention of the court or considered by it; as, under our statutes, it could not be presented either upon a motion for a new trial or upon a motion in arrest of judgment. Hence, if it be not substantial error for a trial court to summarily overrule a motion to set aside and quash an indictment, based upon the grounds stated in this motion, and to arbitrarily refuse to comply with the statutes and permit the defendant to produce evidence

showing its invalidity, then the constitutional right of one accused of crime may be taken from him, and he may be held to answer to a capital or otherwise infamous crime without a presentment or indictment of a grand jury. The Constitution in guaranteeing this right to persons accused of crime did not mean a mere form of indictment, but meant a valid indictment, found and presented in accordance with the ancient and just rules and safeguards of law provided for the organization, action, and conduct of grand juries."

In the case of *Mahaffey v. Territory of Oklahoma*, 11 Okla. 213, 66 Pac. 342, the defendant filed a motion to set aside the indictment, together with his application to take testimony in support of said motion. The court refused to set a day to permit the defendant to introduce evidence in support of such motion, and overruled the motion. Held that:

"The defendant having brought himself within the provisions of the statute, we think it was error for the court not to fix a day for allowing the defendant to introduce evidence in support of said motion to set aside said indictment."

In the cases of *Robinson v. Territory*, 16 Okla. 241, 85 Pac. 451, and *Shivers v. Territory*, 13 Okla. 466, 74 Pac. 899, the Territorial Supreme Court construing section 5399, Wilson's Rev. & Ann. St. 1903, held, "that these are the only causes for which an indictment may be set aside on motion." And in the Shivers Case the court say that:

"In so far as the cases of *Royce v. Territory* and *Mahaffey v. Territory, supra,* are in conflict herewith, the same are overruled."

We cannot believe that the holding of the court in these cases is sound. or that they declare the correct rule.

The act of criminal procedure further provides that the procedure, practice, and pleadings in criminal actions, not specifically provided for, shall be in accordance with the procedure, practice, and pleadings of the common law. There can be no doubt, it seems to us, that this provision extends the causes for which an indictment may be set aside. The rule enunciated in the case of *Royce v. Territory, supra,* meets the approval of this court. It is sound in principle and well supported by authority. It asserts the right and duty of the court to exercise a salutary supervision over the

proceedings of a grand jury, and recognizes the undoubted right of a defendant to secure a lawful grand jury.

In *Low's Case*, 4 Me. 453 (16 Am. Dec. 271), Preble, judge, says:

"That the facts, if true, must present a case, not of technical or possible or hypothetical, but of manifest and undeniable, wrong to the defendant, such as putting him to trial on an indictment not found by 12 jurors, and which is therefore no indictment, but an accusation made by an unauthorized body of men."

In *State v. Symonds*, 36 Me. 128, the court held:

"If, on motion in writing in the nature of a plea in abatement it appears that, in finding a bill of indictment, there could not have been a concurrence of so many as twelve lawful grand jurors, the accused cannot lawfully be required to plead to the indictment, or be put upon trial."

In *United States v. Coolidge*, 2 Gall. 364, Fed. Cas. No. 14,858, Judge Story received the affidavit of a witness to prove that he was not in fact sworn when examined before a grand jury, saying:

"It is of the highest importance that the institution be preserved in its purity, and that no citizen be tried until he has been regularly accused by the proper tribunal."

In *United States v. Farrington* (D. C.) 5 Fed. 343, Wallace, judge, said:

"It is not the province of the court to sit in review of the investigations of a grand jury as upon the review of a trial when error is alleged; but in extreme cases, when the court can see that the finding of a grand jury is based upon such utterly insufficient evidence, or such palpably incompetent evidence as to indicate that the indictment resulted from prejudice, or was found in willful disregard of the rights of the accused, the court should interfere, and quash the indictment. Very respectable authorities intimate that an indictment should be quashed when it appears that it was found by the grand jury without adequate evidence to support it, or when the grand jury permitted the rules of evidence to be violated. *Dodd's Case*, 1 Leach, C. L. 184; *People v. Restenblatt*, 1 Abb. Prac. (N. Y.) 268."

In *State v. Grady*, 12 Mo. App. 361, Lewis, presiding judge, said:

"All the authorities agree that a motion to quash the indict-

ment, such as was attempted in this case, is the proper and only method for reaching the defects here complained of. The defendant was entitled to substantiate his complaint if he could by the proofs which the court refused to hear. For error in this refusal the judgment must be reversed and the cause remanded."

In *Sparrenberger v. State,* 53 Ala. 481, 25 Am. Rep. 643, the court said:

"On a motion to quash or to strike from the files addressed to the court with reasonable diligence, after the facts have been discovered, supported by evidence leaving no reasonable doubt on the mind of the court that the indictment was not the finding of twelve of the grand jury, or that it was found without the evidence of witnesses before them, or legal documentary evidence, truth, and justice, the preservation of the verity, and dignity of its own records, the protection of the citizen and constitutional guaranty demand that the court should expunge the spurious paper."

There is no lack of other authorities to the like effect. Defendant's motion to set aside the indictment, and her application to take testimony in support thereof, being in proper form, presented a right to offer the proof in support of said motion, and a right to be heard thereon. It was error for the court to deny defendant's application and to summarily overrule the motion to set aside without a hearing.

We deem it unnecessary to consider the other assignments of error.

For the reasons stated, the judgment of the court below is hereby reversed, and the cause remanded, with instructions to proceed in accordance with the views herein expressed.

FURMAN, Presiding Judge, and OWEN, Judge, concur.