WALLACE ESTILL, Jr., v. STATE.

No. A-6151. Opinion Filed May 4, 1929.

(277 Pac. 256.)

A. S. Norvell and Goode & Dierker, for plaintiff in error.

George F. Short, Atty. Gen, and Leverett Edwards, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Pottawatomie county of the crime of obtaining property by false pretense and was sentenced to serve the term of three years in the penitentiary.

The defendant assigns numerous grounds of error, but we deem it only necessary to pass upon defendant's third and fourth assignments to dispose of the case. The assignments read as follows:

"That the court erred in his ruling upon the introduction of evidence in support of motion to quash and excluding competent, material, and relevant testimony offered by the plaintiff in error and refusing to permit the plaintiff in error to introduce such evidence, to all of which rulings the plaintiff in error excepted to at the time.

"That the court erred in overruling the motion to quash in this cause."

The defendant filed his application in proper time, setting out that he was being proceeded against in the superior court, setting out and attaching his motion to set aside and quash the indictment, and alleging under oath that he was acting in good faith, and praying for an order to examine witnesses in support of his application to set aside and quash the indictment. Due notice was served on the county attorney of the time and place to hear this motion. The trial court set the hearing on said application for the 22d day of May, 1925. Thereupon the defendant produced as a witness W. W. Gilbert, who was duly sworn, and it was stipulated that he was the county treasurer, who testified as follows:

"Q. Mr. Gilbert, you testified before the grand jury, did you, in reference to these charges? A. Yes, sir.

"Q. Just relate to the court what your evidence was before the grand jury on this matter.

"Mr. Durham: To which the state objects as being incompetent, irrelevant and immaterial, and inadmissible.

"The Court: It is incompetent, for the purpose of this hearing; objection sustained for the reason it is incompetent for the defendant to call a witness who testified before the grand jury and cross-examine him in regard to the particular evidence they gave, but can only inquire as to the subject-matter of the testimony.

"Mr. Reily: Exception.

"Q. What subject did you testify about?

"Mr. Reily: Now, at this time come the defendants and each of them and offers to interrogate the witness, and introduce the exact evidence that he gave before the grand jury relating to the alleged offenses set forth in the indictment in these particular causes.

"Mr. Durham: To which offer the state objects for the reason it would be incompetent, irrelevant and immaterial and inadmissible.

"The Court: Objection sustained.

"Mr. Reily: Exception.

"Q. All right; what was the subject-matter that you testified to? A. Well; it related, as I remember now, to warrants—particular warrants of the Board of Education of School District No. 93, city of Shawnee, which had been used by the National Bank of Commerce and also by the First National Bank of Tecumseh to secure deposits of the county, county deposits in the bank.

"Q. Was any evidence given as to how you got possession of those warrants? A. Yes, sir.

"Q. What was the substance of the evidence on that?

"Mr. Durham: State objects to that question as being incompetent and inadmissible.

"The Court: Sustained.

"Mr. Reily: Exception.

"Mr. Reily: The ruling of the court, then, is that we cannot introduce any evidence at all to show what the evidence was before the grand jury with reference to these indictments?

"The Court: No, sir, that is not the ruling of the court. The ruling of the court is that witnesses may be called in support of this motion for the purpose of showing whether or not they testified before the grand jury from facts in their independent knowledge or from records and books of which they were the custodians, but the particulars of that evidence cannot be inquired into.

"Mr. Reily: Exception to the ruling of the court."

Thereafter witnesses H. G. Faust, Mrs. Anna May Hunt, Neal Wimmer, L. C. Bocher, R. C. Arington, George Hunter, Ed Campbell, J. S. McIntyre, J. C. Baker, A. S. Merritt, G. S. Baxter, J. D. Keller, and N. M. Pell were each and all duly sworn and offered by the defendant as witnesses to testify in support of his motion to set aside and quash the indictment, and the court made practically the same ruling with reference to these witnesses as to witness W. W. Gilbert, which objections were sustained by the court. The defendant then made the following offer:

"Comes now the defendants and each of them and offers to show at this time in support of their motions to quash and for the purpose of showing there was incompetent, irrelevant and immaterial evidence before the grand jury upon which the indictments were founded, by the witness, the foreman of the grand jury, the evidence in detail of Neal Wimmer, E. C. Manney, Anna May Hunt, F. D. Keller, Sam Larson, G. S. Baxter, George Hunter,

A. B. Merrit, R. C. Arrington, Ed. Campbell, J. C. Baker, J. S. McIntyre, W. W. Gilbert, H. G. Faust, L. C. Bocher, whose names appear as the witnesses endorsed upon the backs of the indictments and the copies thereof that was served upon the attorneys for the defendants by the county attorney's office."

To which the state objected:

"To which the state objects as incompetent, irrelevant and immaterial and inadmissible."

Which objections were sustained by the court in the following language: "The court holds it is inadmissible for this witness to testify or undertake to testify to the evidence of the witnesses given before the grand jury. Objection sustained."

To the line of testimony which the defendant was seeking to offer, which was being objected to by the state as incompetent, irrelevant, and immaterial, the court said:

"It is the purpose of the court to investigate and see whether or not any incompetent evidence was introduced, but it is also the purpose of the court to keep out a fishing expedition to find out what the witness did testify to before the grand jury, in order that they may prepare a defense."

Section 2598, C. O. S. 1921, provides as follows:

"To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment or information the defendant may file his application before any court of record in the county, setting out and alleging that he is being proceeded against in a certain court, naming it, and setting out a copy of his motion, and alleging, all under oath, that he is acting in good faith, and praying for an order to examine witnesses in support thereof. The court shall thereupon issue subpoenas to compel any or all witnesses desired to appear before him at the time named, and shall compel the witnesses to testify fully in regard

to the matter and reduce the examination to writing, and certify to the same, and it may be used to support the motion. The mover shall pay the costs of the proceeding. He shall notify the county attorney at least two clear days before he proceeds, of the time and place of taking such testimony, and the county attorney may be present and cross-examine the witnesses, and if need be, the case in the district court must be adjourned for that purpose."

Section 2599, C. O. S. 1921, further provides:

"All witnesses, including grand jurors, shall be bound to answer fully, and shall not be answerable for the testimony so given in any way, except for the crime of perjury committed in giving such evidence. When a grand juror has been fully examined as to his qualifications to sit, and has answered under oath that he is qualified, and has been received by the court and permitted to act, his incompetency shall not thereafter be shown as a ground of objection to any indictment returned by that grand jury."

Defendant having in time complied with the provisions of section 2598, he brought himself within the provisions of section 2599, which gave him the right to have all witnesses, including grand jurors, to answer fully with reference to the testimony which they gave or which was heard by the grand jury.

In the case of Royce v. Territory, 5 Okla. 61, 47 Pac. 1083, Mr. Justice Tarsney, delivering the opinion of the court, says:

"These provisions simply declare and codify the rules of the common law, under which no indictment was valid, unless found and based upon legal and competent evidence; that its invalidity, in this respect, might be brought to the attention of the court by a plea in abatement, and that the facts to sustain said plea might be shown by the testimony of witnesses, and that the defendant was of right entitled to a trial of the matters so set up and relied upon in his plea in abatement. It is true that at the common

law, a motion to quash or a plea in abatement was an appeal to the discretion of the judge, and that matters of judicial discretion cannot ordinarily be reviewed upon appeal; but that proposition is not involved in the case at bar. Here, the court below refused to exercise that discretion by refusing to set a day for hearing of the matters set up in the motion, and by refusing to summon or hear witnesses in that behalf and by summarily overruling the application and motion. We think this was substantial error against the rights of the defendant. He could only be legally put upon trial upon a valid indictment; to the validity of such indictment it was essential that it should have been found by a grand jury upon legal and competent evidence tending to sustain the offense charged. The defendant sought to avail himself of the rights guaranteed to him, both by the common law and the statute, by showing that such indictment was found without any legal or competent evidence, showing the commission of the crime charged."

Section 17, art. 2, Constitution of state of Oklahoma, provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information."

This section of the Constitution does not mean an accusation in the form of an indictment, but does mean a presentment or indictment found and returned by a grand jury, legally selected, impaneled, and sworn, and upon competent evidence, as authorized by law; and a trial of a person for such crime without an indictment thus found and returned is in violation of constitutional right and void.

Where a defendant files a motion to set aside and quash an indictment on the grounds that it is found by the grand jury, without legal and competent evidence but upon hearsay testimony and no sufficient testimony, and

makes an application to the trial court to set a day for the taking of testimony as to the matters alleged in said motion in accordance with section 2599, C. O. S. 1921, it is reversible error for the court to refuse to permit the defendant to examine the witnesses fully who appeared before the grand jury when such indictment was returned, and error also to refuse the defendant the right to examine the grand jurors fully as to the evidence offered before them in support of such indictment.

This court has held in numerous cases that it will not reverse a case except where the defendant has been deprived of a constitutional or statutory right; but in the case at bar the defendant has certainly been deprived of both his constitutional and statutory right to examine the witnesses and grand jurors on his motion to set aside the indictment.

In the case of Hayes v. State, 3 Okla. Cr. 1, 103 Pac. 1061, in paragraph 3 of the syllabus, this court said:

"Where a defendant files a motion to set aside an indictment on the grounds that it is not found by a legal grand jury, and that no witnesses appeared before and no evidence of any kind was presented to the grand jury which returned the indictment, and that the court had no jurisdiction of the defendant, and makes application to the trial court to set a day for the taking of testimony in support of said motion as prescribed by section 5399, Wilson's Rev. & Ann. St. 1903, held, that it is reversible error for the court to refuse such application, and to summarily overrule said motion."

It would be an anomaly if a cause should be reversed because the court refused to grant a hearing of the application to quash the indictment and that the court might grant the application and set a day for the hearing and then refuse to permit the defendant to introduce any

evidence under his application as was done in the case at bar.

If the state had presented to the grand jury the same evidence that was introduced in the trial of this case it would have been amply sufficient to warrant the return of the indictment. It may be that the state did introduce all of this evidence before the grand jury, but this court has no way of finding out whether that was done or not, because the trial court arbitrarily refused to permit the defendant to ascertain what evidence was introduced before the grand jury by an examination of the witnesses and the grand jurors.

We think the motion and application to take testimony presented a right to be heard upon the motion showing the invalidity of the indictment, that it was a substantial right of the defendant to be allowed to establish the facts stated in such motion, for the purpose of showing that he was about to be tried without due process of law, and that the court below, while in determining said motion, after hearing the evidence thereon, would exercise a judicial discretion, not ordinarily reviewable, it had no discretion to refuse to hear said motion, or to refuse the application to take testimony or to hear witnesses who testified before the grand jury or the grand jurors who heard the testimony, to sustain the facts stated in such motion, and that such refusal was reversible error.

The importance of the proposition involved may be appreciated when it is considered that the defendant had no other way to have the question presented to the attention of the court or considered by it; as, under our statutes, it could not be presented, either upon a motion for a new trial or upon a motion in arrest of judgment; hence, if it be not substantial error for a trial court to

summarily overrule a motion to set aside and quash an indictment, based upon the grounds stated in this motion, and to arbitrarily refuse to comply with the statutes and permit the defendant to produce evidence showing its invalidity, then the constitutional right of one accused of crime may be taken from him and he may be held to answer to a capital or otherwise infamous crime without a presentment or indictment of a grand jury. The Constitution, in guaranteeing this right to persons accused of crime, did not mean a mere form of indictment, but meant a valid indictment, found and presented in accordance with the ancient and just rules and safeguards of law, provided for the organization, action, and conduct of grand juries.

The view we take of this case makes it unnecessary to pass upon the other questions raised by the defendant.

The cause is therefore reversed and remanded, with instructions to the trial court to permit the defendant to examine the witnesses and grand jurors upon the evidence introduced by the grand jury against the defendant in the case at bar, and for further proceedings according to law.

EDWARDS, P. J., and DAVENPORT, J., concur.