Pamela Ranier PATTERSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17412.

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

Forest N. Simon and O. B. Martin, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

BUSSEY, Presiding Judge.

Appellant, Pamela Ranier Patterson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Robbery in the First Degree; her punishment was fixed at a term of five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

 Because this case must be reversed, we do not deem it necessary to recite the statement of facts. The record reflects that the case came on for preliminary hearing on August 12, 1971, at which time both the State of Oklahoma and the defendant introduced evidence. The court thereupon continued the cause to August 19, 1971, granting the State permission to amend the information. On August 19, the examining magistrate dismissed the case because of insufficient evidence. On August 23, 1971, the State filed a motion to refile the information which was overruled by the court. The State filed an additional motion to refile the cause on August 30, 1971. On September 7, 1971, the examining magistrate entered an order overruling the State's motion to refile but stated that he was reopening the case on the court's own motion and bound the defendant over to stand trial without hearing additional evidence. We are of the opinion that the examining magistrate under the then existing case law [1] did not have the authority to reopen a case on his own motion and to bind the defendant over without hearing additional evidence.

In conclusion, we observe that the defendant timely filed a motion for hearing to set aside the information. We have carefully examined defendant's motion and are of the opinion that it substantially complies with 22 O.S., § 494. It has long been the law of this state that it is reversible error for the trial court to refuse a proper application and to summarily overrule the motion without hearing. See Hayes v. State, 3 Okl.Cr. 1, 103 P. 1061 (1909). The judgment and sentence is accordingly reversed and remanded. Reversed and remanded.

SIMMS and BRETT, JJ., concur.

---

1. Jones v. State, Okl.Cr., 481 P.2d 169.